IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOWARD FORBES,

     Petitioner,                    No. CIV S-06-1187 MCE GGH P

     vs.

BOARD OF PRISON TERMS,

     Respondents.             <u>ORDER AND</u>

                              /       <u>FINDINGS & RECOMMENDATIONS</u>

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert. denied</u>, 478 U.S. 1021 (1986).

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1   After reviewing the petition for habeas corpus, the court finds that petitioner has
2 failed to exhaust state court remedies.  The claims have not been presented to the California
3 Supreme Court.  Further, there is no allegation that state court remedies are no longer available to
4 petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]
5   Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court is
6 directed to serve a copy of these findings and recommendations together with a copy of the
7 petition filed in the instant case on the Attorney General of the State of California; and
8   IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
9 habeas corpus be dismissed for failure to exhaust state remedies.
10   These findings and recommendations will be submitted to the United States
11 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
12 twenty days after being served with these findings and recommendations, petitioner may file
13 written objections with the court.  The document should be captioned "Objections to Findings
14 and Recommendations."  Petitioner is advised that failure to file objections within the specified
15 time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
16 (9th Cir. 1991).

17 DATED:  6/28/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

20 ggh:kj
for1187.exh

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

2