1
2
3
4
5
6
7
8                       IN THE UNITED STATES DISTRICT COURT
9                     FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   HOWARD FORBES,                              No. 2:06-cv-1187-MCE-GGH-P
12          Petitioner,
13      v.                                       ORDER
14   BOARD OF PRISON TERMS, et al.,
15          Respondents.
16   _____/
17       Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas
18   corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate
19   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.
20       On June 28, 2006, the magistrate judge filed findings and recommendations herein which
21   were served on petitioner and which contained notice to petitioner that any objections to the
22   findings and recommendations were to be filed within twenty days.  Petitioner has filed
23   objections to the findings and recommendations.
24       The gravamen of this action is petitioner's claim that the Board of Prison Terms violated
25   the terms of Valdivia v. Schwarzenneger, CIV S-94-0671 LKK GGH P during petitioner's parole
26   revocation proceedings.

1

1  The magistrate judge recommended that this action be dismissed based on petitioner's failure to
2  exhaust state court remedies.  In his objections, petitioner states that the Solano County Superior
3  Court denied his petition on grounds that petitioner was required to present his claims in
4  Validivia, supra.  See Superior Court order attached to objections.  Petitioner argues that no
5  further state court remedies are available based on the Superior Court's order.

6      Despite the Superior Court's order, petitioner may still file a habeas corpus petition in the
7  California Supreme Court raising the claims raised in the instant action.  This action is
8  distinguishable from Swoopes v. Sublett, 196 F.3d 1008 (9th Cir. 1999).  In Swoopes, the Ninth
9  Circuit found that Arizona prisoners were not required to seek discretionary post-conviction
10 review with the Arizona Supreme Court in order to exhaust state court remedies.  Because the
11 Arizona Supreme Court had held that a decision by the Arizona Court of Appeal exhausted a
12 defendant's right of appeal, post-conviction review before the Arizona Supreme Court was not an
13 available remedy.  196 F.3d at 1009.  In contrast, the California Supreme Court has not held that
14 no further review is available beyond the denial of a habeas petition by a California Superior
15 Court.

16     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304,
17 this court has conducted a de novo review of this case.  Having carefully reviewed the entire file,
18 the court finds the findings and recommendations to be supported by the record and by proper
19 analysis.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 28, 2006, are adopted in full;

2. Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust state remedies.

DATED: August 29, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE